

DA 11-0027

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2011 MT 181N

WILLIAM LONGFELLOW,

        Petitioner and Appellant,

v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDV 09-1077
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            William Longfellow, self-represented, Deer Lodge, Montana

        For Appellee:

            Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General, Helena, Montana

            John Parker, Cascade County Attorney, Great Falls, Montana

        Submitted on Briefs:   June 29, 2011
                    Decided:   July 29, 2011

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     William Longfellow (Longfellow) appeals from an order of the Eighth Judicial District Court, Cascade County, denying his petition for postconviction relief. Longfellow raises the following issue on appeal:

¶3     Did the District Court properly deny Longfellow's petition for postconviction relief?

¶4     In 2006, a jury convicted Longfellow of sexual intercourse without consent. The District Court sentenced Longfellow to fifty years at Montana State Prison, with ten years suspended. Longfellow appealed his conviction to this Court, and we affirmed. *See State v. Longfellow*, 2008 MT 343, ¶ 30, 346 Mont. 286, 194 P.3d 694. Subsequently, Longfellow filed a petition for postconviction relief, alleging prosecutorial misconduct at trial; incompetent witness testimony; failure of the prosecutor to disclose material evidence; conflict of interest by defense counsel; ineffective assistance of trial counsel; and, ineffective assistance of appellate counsel.

¶5     The District Court denied Longfellow postconviction relief for the following reasons: (1) Longfellow's prosecutorial misconduct and incompetent witness testimony claims were barred because he raised them on direct appeal; (2) Longfellow's claims that the prosecutor did not disclose material evidence and that defense counsel had a conflict of interest were

2

factually unsupported; and, (3) Longfellow's ineffective assistance of counsel claims did not meet the requirements set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).

¶6      On appeal, Longfellow asserts he is entitled to postconviction relief because (1) the prosecutor failed to disclose material evidence and made improper statements to the jury at trial; (2) Longfellow was too heavily medicated at trial in order to assist with his own defense; (3) Longfellow was unable to obtain documents to "put his case together properly"; and, (4) he received ineffective assistance of appellate counsel because appellate counsel did not file a reply brief in Longfellow's direct appeal and inhibited Longfellow's ability to obtain legal documents for postconviction proceedings.

¶7      This Court reviews the denial of a petition for postconviction relief to determine whether the District Court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Davis v. State*, 2004 MT 112, ¶ 13, 321 Mont. 118, 88 P.3d 1285. The petitioner bears the burden of demonstrating, by a preponderance of the evidence, that the facts justify the relief requested. *Griffin v. State*, 2003 MT 267, ¶ 10, 317 Mont. 457, 77 P.3d 545.

¶8      Longfellow's prosecutorial misconduct claims were raised, or could have been raised, on direct appeal and, therefore, are barred. Section 46-21-105(2), MCA ("[G]rounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter."). Similarly, Longfellow's claim that he was heavily medicated is barred because he is raising it for the

3

first time on appeal. This Court will not address an issue raised on appeal when it was not raised in the underlying petition for postconviction relief. *Ford v. State*, 2005 MT 151, ¶ 12, 327 Mont. 378, 114 P.3d 244. Longfellow's claim relating to obtaining documents is factually unsupported and, therefore, does not entitle him to relief. Section 46-21-104(1)(c), MCA (The petition for postconviction relief must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts.").

¶9 For the first time on appeal, Longfellow asserts that his appellate counsel abandoned his direct appeal by not filing a reply brief. Therefore, this claim is waived. *Ford*, ¶ 12. Longfellow's remaining ineffective assistance of counsel claim pertains to his ability to obtain transcripts and related documents in order to continue with postconviction relief proceedings.

¶10 In reviewing ineffective assistance of counsel claims, this Court applies the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *State v. Savage*, 2011 MT 23, ¶ 22, 359 Mont. 207, 248 P.3d 308. In order to prevail on an ineffective assistance of counsel claim, a defendant must establish (1) that counsel's performance was deficient and (2) that the deficiency prejudiced the defendant. *Baca v. State*, 2008 MT 371, ¶ 16, 346 Mont. 474, 197 P.3d 948. The District Court correctly determined that Longfellow has failed to demonstrate how the documents he allegedly did not procure from counsel would have made any difference in the outcome of the proceedings.

¶11     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶12     Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ BETH BAKER
/S/ JAMES C. NELSON